UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| JORGE GUTIERREZ-RAMIREZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) Nos. | 2:14-CR-22-JRG-MCLC-1 |
| | ) | 2:16-CV-218-JRG |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION**

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 32]. He bases his request for collateral relief on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court invalidated the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), for unconstitutional vagueness [*Id.*]. The United States responded in opposition to collateral relief on August 10, 2016 [Doc. 37]; Petitioner submitted multiple replies in turn [Docs. 41, 43, 44]. Also before the Court is Petitioner's request for "immediate consideration" of his petition [Doc. 34]. For the following reasons, the motion for expedited consideration [*Id.*] will be **GRANTED** and the § 2255 petition [Doc. 32] will be **DENIED** and **DISMISSED WITH PREJUDICE**.

I.   **BACKGROUND**

In 2014, Petitioner pled guilty to unlawfully reentering the United States after having been deported following a conviction for an aggravated felony, in violation of 18 U.S.C. §§ 1326(a)(1), (b)(2) [Doc. 12]. The United States Probation Office assigned Petitioner a base offense level of 8 under Section 2L1.2(a) of the United States Sentencing Guidelines [Presentence Investigation Report ("PSR") ¶ 15]. His offense level increased to 16 under

Section 2L1.2(b)(1)(A)(ii) based on a California first-degree residential burglary conviction [*Id.* ¶ 16]. After a three-level reduction for acceptance of responsibility, Petitioner received a total offense level of 21 [*Id.* ¶¶ 22–23], which yielded a Guideline range of 70 to 87 months' imprisonment when combined with his criminal history category of V [*Id.* ¶ 78]. The Court sentenced Petitioner to a 70-month term of incarceration on August 19, 2014 [Doc. 23].

On June 26, 2015, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague. On July 27, 2016, Petitioner submitted the instant motion to vacate, set aside, or correct his sentence in light of *Johnson*. [Doc. 32].

## II. ANALYSIS

Petitioner's argument that he no longer possesses predicate offenses sufficient to support categorization as an armed career criminal under § 924(e), career-offender under Section 4B1.1 of the United States Sentencing Guidelines, or and enhanced base offense level under Section 2K2.1(a) of the same fails because his PSR conclusively demonstrates that Petitioner was never subjected to enhancement under any of these provisions [PSR ¶¶ 15, 16, 22, 23, 78; Doc. 23].[1]

---

[1] The ACCA mandates a 15-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563.

Section 4B1.1 enhances a defendant's offense level if he or she qualifies as a "career offender," i.e., adult defendant whose offense of conviction is a "crime of violence or controlled substance offense" and who has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Manual § 4B1.1(a). "Crime of violence" under the Guidelines is defined in an almost identical manner as "violent felony" under the ACCA.

2

To the extent Petitioner challenges the propriety of his enhanced base offense level under Section 2L1.2, the argument fails as a matter of law. Unlike the ACCA, Section 4B1.2, and Section 2K2.1(a), Section 2L1.2 does not contain a residual provision.[2] Because the residual clause deemed unconstitutionally vague in *Johnson* bears no relation to the provisions under which Petitioner's range was calculated, that decision cannot operate as a basis for relief.

## IV. CONCLUSION

For the reasons discussed, Petitioner's request to expedite ruling [Doc. 34] will be **GRANTED** and his § 2255 motion [Doc. 32] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will DENY Petitioner leave to proceed in forma pauperis on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

---

*See* U.S. Sentencing Manual § 4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).

[2] For purposes of Section 2L1.2, "crime of violence" means "any of the following offenses under federal, state, or local law: murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses[,] . . . statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any other offense . . . that has as an element the use, attempted use, or threatened use of physical force." U.S. Sentencing Manual § 2L1.2, cmt. n. 1(b)(iii).